## ERNSWENDER v CAFFREY, GRIFFIN & BAHIN, INC

Ohio Appeals, 2nd Dist, Clark Co

No 337. Decided April 18, 1934

Zimmerman & Zimmerman, Springfield, for plaintiff in error.

Frank L. Nevins, Springfield, and Anderson, McKee & Schwer, Springfield, for defendant in error.

SHERICK, J, (5th Dist), sitting by designation.

## OPINION

By BARNES, J.

Defendant in error has interposed a motion that error proceedings be dismissed on account of failure of plaintiff in error to file brief within the period required under Rule 8. Counsel for plaintiff in error waives all error except the question that the finding and judgment is against the manifest weight of the evidence. The statement was further made that it was not desired to file any brief on this question.

The motion to dismiss is overruled and the cause is now determined on the single question: "Is the verdict against the manifest weight of the evidence."

Counsel for defendant in error has filed brief.

The defendant was the principal contractor with the Board of Hospital Commissioners of the City of Springfield, Ohio,

for the construction and installing of the plumbing and sewer work in connection with the building and erection of the city hospital.

Plaintiff, at the request of defendant, submitted to him a bid on the sewer work for the gross sum of $3837.50. This bid was accepted and a written contract entered into between the parties. This contract varied substantially from the usual terms of subcontractors on public jobs, in that no reference is made to the principal contract nor the specifications. Relative to this subject the contract between the parties reads as follows:

"Party of the second part agrees to furnish material, equipment, labor and to construct 15"; 12"; 10"; 8" and 6" vitrified pipe sewers, manholes and catch basins as per plans submitted by the Party of the first part to the Party of the second part."

The paragraph following refers to a portion of the work being located at the hospital site.

Both plaintiff and defendant at all times construed the plans to fix the depth of sewer on the basis of the flow line; and plaintiff's figures were based on this construction, as was known to the defendant.

According to the testimony of witnesses the flow line means the bottom of the inside of the sewer when placed in position.

When plaintiff started work, it was ascertained that the superintendent in charge had a different idea on the construction of plans.

Under his understanding, the depth of sewer as marked thereon, meant the top of the sewer when in place.

This meant an additional excavation corresponding to the size of the sewer.

Plaintiff at once contacted defendant and suggested a meeting with the architect in charge, with the idea of presenting their respective theories on the proper construction of the plans.

Such meeting was arranged, at which plaintiff and defendant were present. The question was discussed, but no definite conclusion arrived at at that time.

Later, the architect in charge wrote a letter to the defendant, giving his construction that the depth of sewer shown on the plan referred to the top of sewer. This was contrary to the understanding of both plaintiff and defendant.

Defendant passed this information on to plaintiff by reading over the 'phone the contents of letter. Plaintiff was ordered to proceed with the work, and did so. Defendant was advised that a claim for extras would be made. Defendant took no steps to protect himself, as was provided under his contract with the Hospital Board.

After the work was completed, plaintiff presented a claim to defendant for extra work in excavating, amounting to $541.95. Apparently there was no question raised on the reasonableness of this service. It is the contention of defendant that, under the evidence, there should be no right of recovery.

There is a dispute in the evidence as to whether or not plaintiff had equal opportunities with defendant to know and understand, from the plans and specifications, the ultimate construction as determined by the architect in charge.

Much evidence was presented relative to the interpretation of the plans respecting the disputed question as to whether the grade should be read from the flow line or the top of sewer.

We think the trial court was warranted in finding that the weight of the evidence would establish the flow line as the basis of depth of excavation under a proper interpretation of the plans.

There is no doubt that this was the interpretation recognized by both plaintiff and defendant, and was so understood at the time of entering into the contract.

Plaintiff as a subcontractor was not recognized by the Hospital Board. Their orders and directions were always given to the defendant as the principal contractor. Furthermore, the plaintiff, as subcontractor, was not in position to protect his claim for extras against the Hospital Board. This could only be done by the principal contractor.

Plaintiff as subcontractor, acted promptly in advising defendant on the question of the interpretation of plans which meant extra work for plaintiff. The trial court would be warranted in finding that plaintiff proceeded to do the extra work after being so directed by the defendant.

Under all the evidence in this case we are unable to find that the finding and judgment is against the manifest weight of the evidence.

There are two other items involved, but during the oral argument statement was made that there is no further controversy as to these.

The judgment of the trial court will be affirmed at costs of plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, and SHERICK, J, concur.